The United States Fire Insurance Company, peticionaria, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 765.—*Sometido:* Mayo 4, 1931. *Resuelto:* Marzo 10, 1932.

*José Sabater,* abogado de la peticionaria; *Oscar Souffront,* abogado de la demandante en el pleito principal en cobro de póliza.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Mayagüez Drug Company obtuvo sentencia contra la U. S. Fire Insurance Company. Después de dictada sentencia las partes celebraron una estipulación respecto al pago de la misma. La primera cláusula de dicha estipulación decía que la suma total que debía ser pagada por la U. S. Fire Insurance Co. sería la de $13,500. En la segunda cláusula las partes manifestaban que existían ciertos embargos contra la póliza otorgada a favor de la Mayagüez Drug Co. y que la U. S. Fire Insurance Company debía depositar en la corte a favor de Lanman & Kemp, de la ciudad de Nueva York, la suma de $1,588.34 y la de $943.39 a favor de Brewer & Co., a virtud de un embargo obtenido por los abogados Besosa & Besosa en San Juan; que de conformidad con este convenio la U. S. Fire Insurance Company había librado a favor de la Mayagüez Drug Company los siguientes cheques: uno por $1,588.34 para cubrir el importe del embargo

de Lanman & Kemp, el segundo por $943.39 para cubrir la cuantía del embargo de Brewer & Co., Inc., y un tercer cheque por $10,968.27 que era el remanente de la póliza a la disposición de la asegurada. En la tercera cláusula de dicha transacción (sic) la Mayagüez Drug Co. por mediación de sus abogados aceptó el recibo de su cheque por $10,968.27 y convino en que los otros dos cheques serían depositados en la corte para responder de las reclamaciones de los aludidos dos acreedores, y que dichas reclamaciones deberían ser arregladas por dichos reclamantes o acreedores con la Mayagüez Drug Co. y que se eximiría a la compañía de seguros de cualquier responsabilidad a virtud del depósito así efectuado.

Posteriormente la Mayagüez Drug Company acudió a la corte y alegó que el embargo obtenido por Lanman & Kemp, Inc., era írrito y nulo y solicitó de la corte que así lo declarara y que el cheque por la suma de $1,588.34 fuese entregado a la ameritada Mayagüez Drug Co. La corte así lo decretó.

La teoría de la Mayagüez Drug Company y la de la corte inferior aparentemente eran que no se podía embargar el producido de una póliza mediante una orden de embargo (garnishment) librada en la ciudad de Nueva York. Sucedió que Lanman & Kemp en realidad obtuvo un embargo contra la U. S. Fire Insurance Co. en la City Court of New York y que la Mayagüez Drug Co. tenía conocimiento de ello. Estamos enteramente contestes con la corte inferior en que el embargo obtenido en la ciudad de Nueva York por sí solo no tuvo peso efectivo alguno en Puerto Rico, mas no es esa la cuestión envuelta en el presente caso.

La U. S. Fire Insurance Company a virtud del embargo obtenido en la ciudad de Nueva York era responsable a Lanman & Kemp, Inc., del importe del embargo. Parece que se dictó una sentencia en el caso contra la U. S. Fire Insurance Co. por dicho importe. Por lo menos hubo una reclamación o embargo contra la U. S. Fire Insurance Co. en

Nueva York. Siendo ello así, la U. S. Fire Insurance Co. tenía derecho a retener en su poder la suma embargádale en Nueva York. Que estos hechos sean o no ciertos no tiene importancia en este caso, toda vez que ambas partes convinieron en que se dedujera la cantidad o en que se depositara en la corte, y la estipulación exigía que la Mayagüez Drug Co. debía arreglar el asunto con Lanman & Kemp, Inc. La teoría de la estipulación era que la U. S. Fire Insurance Co. quedaría relevada de toda responsabilidad. La estipulación o transacción era la ley del caso.

Se admite en el presente caso que la reclamación de Brewer & Co. fué embargada en San Juan y arreglada entre la Mayagüez Drug Co. y Brewer & Co. A excepción de que Lanman & Kemp no practicó su embargo en San Juan, su caso no es distinto. A un deudor pueden embargársele bienes en cualquier jurisdicción en que se le halle, y en este caso no podría surgir duda alguna de que la U. S. Fire Insurance Co. era deudora de la suma de $13,500 y de que de ésta la de $1,588.34 fué embargada en Nueva York y por ella la compañía de seguros fué objeto de un litigio. Por tanto, no importa que Lanman & Kemp no obtuviera el embargo en Puerto Rico. Mediante una estipulación la Mayagüez Drug Company aceptó la reclamación de Lanman & Kemp y convino en arreglar el asunto con ésta.

Legalmente, desde luego, la U. S. Fire Insurance Co. estaba obligada a pagar a Lanman & Kemp, pero el objeto de la estipulación celebrada por las partes fué que la Mayagüez Drug Co. exoneraría a la U. S. Fire Insurance Co. de este deber o responsabilidad. El deber de la Mayagüez Drug Co. en el caso de Lanman & Kemp fué exactamente el mismo que en el caso de Brewer & Co. y ellos pueden valerse de los mismos medios o de medios similares o distintos para saldar la reclamación de Lanman & Kemp.

*La resolución de la Corte de Distrito de Mayagüez de 20 de marzo de 1931 debe ser anulada.*